UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET NOYES WEBB,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:17-cv-2298-GPC (RNB)<br><br>**REPORT AND RECOMMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 16, 20)** |

This Report and Recommendation is submitted to the Honorable Gonzalo P. Curiel, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On November 13, 2017, plaintiff Margaret Noyes Webb filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for supplemental security income ("SSI"). (*See* ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court recommends that plaintiff's motion for summary judgment be **GRANTED,** that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

1

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On March 6, 2014, plaintiff filed an application for SSI under Title XVI of the Social Security Act, alleging disability beginning August 1, 2011. (Certified Administrative Record ["AR"] 221-26.) After her application was denied initially and upon reconsideration (AR 135-38, 140-45), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 146.) An administrative hearing was held on June 20, 2016; plaintiff was represented by counsel and testimony was taken from her and a vocational expert ("VE"). (AR 34-80.) A supplemental administrative hearing was held on September 14, 2016; at this hearing, plaintiff was represented by different counsel and testimony was taken from her, a medical expert, and a different VE. (AR 81-108.)

As reflected in his November 23, 2016 decision, the ALJ found that plaintiff had not been under a disability, as defined in the Social Security Act, since March 6, 2014, the date her application was filed. (AR 13-23.) The ALJ's decision became final on September 15, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 6, 2014, the application date.[1] (AR 15.)

---

[1] SSI is not payable prior to the month following the month in which the application is filed. *See* 20 C.F.R. § 416.335.

At step two, the ALJ found that plaintiff had the following severe medically determinable impairments: degenerative disc disease of the lumbar and cervical spine, and carpal tunnel syndrome. (AR 15.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 16-18.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> "[C]laimant can stand and walk for a total of two to four hours in an eight-hour day, and requires a five minute break for every hour of sitting. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolding. The claimant can occasionally perform gross handling and forceful grasping with her left (non-dominant) upper extremity." (AR 18.)

For purposes of his step four determination, the ALJ adduced and accepted the VE's testimony at the June hearing that a hypothetical person with plaintiff's vocational profile and RFC would be unable to perform the exertional demands of plaintiff's past relevant work as a janitor or industrial cleaner. Accordingly, the ALJ found that plaintiff was unable to perform any past relevant work. (AR 21-22.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC could perform the requirements of occupations that existed in significant numbers in the national economy (*i.e.*, parking lot cashier and furniture rental consultant), the ALJ found that plaintiff was not disabled. (AR 22-23.)

**PLAINTIFF'S CLAIMS OF ERROR**

As reflected in plaintiff's summary judgment motion, the two claims of error that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Assuming *arguendo* the ALJ's RFC determination is supported by substantial evidence, the ALJ erred at step five of the Commissioner's sequential evaluation process by improperly applying the Commissioner's Medical-Vocational Guidelines, also known as the "grids." (*See* ECF No. 16-1 at 5-9; *see also* ECF No. 23 at 1-4.)

2. In determining plaintiff's RFC, the ALJ failed to properly evaluate the opinions of plaintiff's treating physician, Dr. Potwardowski. (*See* ECF No. 16-1 at 9-33.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

1. <u>The ALJ did not improperly apply the grids at step five.</u>

The Court's conclusion below that, in determining plaintiff's physical RFC, the ALJ failed to follow the proper legal standard in evaluating the opinions of plaintiff's treating physician would normally render it unnecessary to reach the other claim of error raised by plaintiff as a ground for reversal and remand. However, since plaintiff raised the ALJ's alleged step five error as her first claim of error and since she only addressed that alleged error in her Reply Brief, the Court will address it.

The gravamen of plaintiff's claim appears to be that, even assuming *arguendo* the ALJ's RFC determination is supported by substantial evidence, the ALJ erred by using the grid rule for light work as his framework for decision-making. According to plaintiff, the ALJ's finding that she could only stand and/or walk two to four hours in an eight-hour day sufficiently eroded the light occupational base to warrant the application of the grid rule for sedentary work, which would have directed a finding of "disabled."

The Court concurs with the Commissioner that the ALJ did not err. To the extent that plaintiff's exertional limitations placed her somewhere between two grid rules, the ALJ properly consulted the VE regarding whether plaintiff could perform substantial gainful work in the economy. *See* Social Security Ruling ("SSR") 83-12(2)(c) ("In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, . . . [vocational specialist] assistance is advisable for these types of cases."); *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation with a VE is appropriate."); *see also Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (finding substantial evidence supported ALJ's non-disability finding where claimant fell between two grid rules and ALJ therefore obtained VE testimony in accordance with procedure articulated in *Moore*).

At the second administrative hearing, the ALJ posited to the VE a hypothetical individual with plaintiff's age, education, work experience, and RFC. The VE testified that such an individual could still perform such representative occupations as parking lot cashier and furniture rental consultant, which respectively represented 15,000 and 52,000 jobs in the national economy. (AR 104-05.) Consistent with SSR 00-4p, the expert further affirmed that her testimony was consistent with the information found within the Dictionary of Occupational Titles ("DOT"). (AR 105.) Consequently, the ALJ reasonably accepted the expert's testimony in finding that plaintiff could still perform work that existed in significant numbers, and thus was not disabled. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary

foundation for his or her testimony" and, therefore, "no additional foundation is required.").

2. <u>The ALJ did not properly evaluate the opinions of plaintiff's treating physician.</u>

The medical evidence of record included three form assessments of plaintiff's RFC provided by plaintiff's longtime treating physician, Dr. Potwardowski. The assessments were dated, respectively, March 26, 2014, February 24, 2015, and June 13, 2016. (AR 641-43, 756-58, 2391-93.) As succinctly summarized by the ALJ:

> "The forms completed by Dr. Potwardowski limited the claimant to no more than two hours of standing or walking in an eight-hour day, no more than two hours of sitting in an eight hour day, and stated the claimant needed the ability to shift positions at will. . . . The doctor was of the opinion the claimant could 'rarely' lift less than 10 pounds, had postural limitations, and had significant limitations with reaching, handling or fingering with either upper extremity. . . . Additionally, Dr. Potwardowski indicated the claimant had symptoms which frequently interfere with attention and concentration for even simple work tasks,[2] and if employed, she would likely miss more than 4 days per month due to her impairments." (AR 20.)

The law is well established in this Circuit that a treating physician's opinion is entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."

---

[2] In a footnote, the ALJ noted that the record did not provide any objective support, such as mental status findings in connection with psychiatric or other care, to support the asserted concentration limits. Accordingly, the ALJ stated, he was not including any such limitations in his RFC determination. (*See* AR 20 n. 1.) The Court concurs with the ALJ's reasoning in this regard and accordingly is confining its analysis of plaintiff's second claim of error to the ALJ's rejection of Dr. Potwardowski's opinions regarding plaintiff's physical RFC.

6
3:17-cv-2298-GPC (RNB)

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where a treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

Here, Dr. Potwardowski's opinions to the effect that plaintiff was incapable of even sedentary work were controverted by the opinions of the consultative examiner and the two State agency physicians, who opined that plaintiff was capable of a significant range of medium work activity. (*See* AR 115-17, 128-29, 648.) Dr. Potwardowski's opinions regarding plaintiff's physical RFC were also controverted by the opinion testimony of the medical advisor at the second administrative hearing regarding plaintiff's RFC, which the ALJ generally accepted. (*See* AR 88-89.) In his decision, the ALJ stated that he was according "little weight" to the opinions of Dr. Potwardowski. (AR 20.) Under the authorities set forth above, the question thus becomes whether the ALJ set forth specific and legitimate reasons for his rejection of Dr. Potwardowski's opinions regarding plaintiff's physical RFC that are based on the substantial evidence of record.

In this regard, the Court notes that the ALJ's stated rationale for rejecting Dr. Potwardowski's opinions regarding plaintiff's physical RFC was as follows:

> "Generally, the 'medical opinion' as defined in 20 CFR 416.927(a), (*see also* SSR 96-5p), from a treating source as defined in 20 CFR 416.902, is entitled to a considerable if not controlling amount of weight as compared to the opinions of other sources. However, the opinion of the treating source must further be 'well supported' by 'medically acceptable' clinical and laboratory diagnostic techniques and must be 'not inconsistent' with the other 'substantial evidence' in the case record. Here, the restrictions are greater

7

than what is supported by or consistent with the record as a whole, including the objective signs and findings discussed elsewhere in this opinion." (AR 20.)

Since the ALJ did not specifically identify the evidence of record that supposedly undermined Dr. Potwardowski's opinions, the Court finds that this vague reason is not sufficiently specific to constitute a legally sufficient reason for according "little weight" to Dr. Potwardowski's opinions. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (same); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citing *Embrey*, 849 F.2d at 421-22); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").³ Moreover, to the extent the ALJ was referring to the inconsistency between Dr. Potwardowski's opinions and the opinions of the other physicians of record, the Court notes that any such inconsistency was merely determinative of the standard to be applied to the ALJ's proffered reasons for not crediting Dr. Potwardowski's opinions; it was not a legally sufficient reason in itself. *See Lester*, 81 F.3d at 830 (in the event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a

---

³ The Commissioner cites several examples of supposed inconsistencies between Dr. Potwardowski's opinions and the medical evidence of record. (*See* ECF No. 20-1 at 9-10.) However, the Court is "constrained to review [only] the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Since the ALJ did not cite those same examples, the Court is unable to consider them.

treating or examining physician's opinion); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

**CONCLUSION AND RECOMMENDATION**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further administrative proceedings where ALJ failed to properly reject a treating physician's opinion).

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. See Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. See id.

IT IS SO ORDERED.

Dated: September 10, 2018

_____
ROBERT N. BLOCK
United States Magistrate Judge

10

3:17-cv-2298-GPC (RNB)