UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET NOYES WEBB,<br><br>                                  Plaintiff,<br>v.<br><br>NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>                                  Defendant. | Case No.: 17cv2298-GPC(MSB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 16, 17.] |

**INTRODUCTION**

Plaintiff Margaret Noyes Webb ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act") seeking judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for supplemental security income ("SSI"). (ECF No. 1.) On September 10, 2018, Magistrate Judge Robert N. Block issued a report and recommendation ("Report") that the case be remanded to the ALJ for further proceedings. (ECF No. 25.) No objections were filed. After careful consideration of the pleadings and supporting documents, the Court ADOPTS the Magistrate Judge's Report

and GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

**BACKGROUND**

On March 6, 2014, Plaintiff filed an application for SSI under Title XVI of the Social Security Act, alleging a disability date of August 1, 2011. (Administrative Record ["AR"] 221-226.) Plaintiff alleged disability because of her arthritis, degenerative disc disease, scoliosis, high blood pressure and carpal tunnel syndrome. (AR 241.) Plaintiff also complained of severe headaches. (AR 241.) Plaintiff's claims were initially denied on June 23, 2014, and were denied again on reconsideration on October 23, 2014. (AR 109, 120).

On December 16, 2014, Plaintiff filed a written request for an administrative hearing. (AR 146.) On June 20, 2016, Plaintiff appeared with counsel and testified before Administrative Law Judge ("ALJ") Donald P. Cole. (AR 34–80.) On September 14, 2016, Plaintiff appeared with different counsel at a supplemental hearing before the ALJ. (AR 81-108.) On November 23, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled as defined under the Act. (AR 10–23.)

In the decision, the ALJ followed the five step sequential evaluation process. *See* 20 C.F.R. § 416.920. For steps one through three, the ALJ found that Plaintiff had not engaged in substantial gainful activity, had severe medically determinable impairments including degenerative disc disease and carpal tunnel syndrome, and that none of Plaintiff's impairments or combination of impairments met the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 15–18.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> "[C]laimant can stand and walk for a total of two to four hours in an eight-hour day, and requires a five minute break for every hour of sitting. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolding. The claimant can

| 1 | occasionally perform gross handling and forceful grasping with her left |
| 2 | (non-dominant) upper extremity." |

(AR 18.)

For the step four determination, the ALJ found that Plaintiff was unable to perform any of her past relevant work as a janitor or industrial cleaner. (AR 21–22.) In his step five evaluation, the ALJ posed a hypothetical to the vocational expert ("VE") at the supplemental hearing based on the Plaintiff's vocational profile and RFC. (AR 104–05.) The VE opined that Plaintiff could perform the requirements of occupations that existed in significant numbers in the national economy. (AR 105.) Based on this testimony, the ALJ concluded that Plaintiff was not disabled. (AR 22–23.) On September 15, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR 1–3.)

On November 13, 2017, Plaintiff commenced the instant action seeking judicial review of the Commissioner's decision. (ECF No. 1.) On February 5, 2018, Defendant answered and lodged the administrative record with the Court. (ECF Nos. 10, 11.) On April 16, 2018, Plaintiff moved for summary judgment. (ECF No. 16.) On June 20, 2018, the Commissioner cross-moved for summary judgment and responded in opposition to Plaintiff's motion. (ECF Nos. 20, 21.) On July 3, 2018, Plaintiff filed a reply in opposition to the Commissioner's Cross-Motion for Summary Judgment. (ECF No. 23.)

**STANDARD OF REVIEW**

The district court's duties in connection with a Report of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report to which neither party objects. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (*en banc*). When

no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974).

Because no objections have been filed, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. *See id.*

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as reasonable to support a conclusion." *Id.* The "evidence must be more than a mere scintilla but not necessarily a preponderance." *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that "the ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (citation omitted).

## DISCUSSION

Plaintiff alleges that (1) the ALJ erred at step five of the sequential evaluation process by improperly applying the Commissioner's Medical-Vocational Guidelines ("grids"), and (2) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician when determining Plaintiff's RFC.

1. <u>The ALJ did not improperly apply the grids at step five.</u>

Plaintiff's Motion for Summary Judgment could be decided only on the issue of the ALJ's failure to properly evaluate the opinions of Plaintiff's treating physician. However, because Plaintiff dedicated much of her Motion for Summary Judgment and all of her Reply brief to arguing that the ALJ committed a step five error, the Magistrate Judge decided to address that issue. For the same reasons, this Court will do so as well.

Plaintiff argues that even assuming that the ALJ's RFC determination is supported by substantial evidence, the ALJ erred in using the grid rule for light work. According to Plaintiff, because the ALJ found that she could only stand and/or walk two to four hours in an eight hour day, the ALJ was obligated to determine that there was a significant reduction in Plaintiff's ability to perform light work, and therefore the ALJ should have used the grid rule for sedentary work. It is not enough to just merely consult a VE. The grid rule for sedentary work would direct a finding that Plaintiff is disabled.

The Court concurs with the Magistrate Judge that the ALJ did not err. Social Security Ruling ("SSR") 83-12 directs that "[i]n situations where the rules would direct different conclusions, and the individuals exertional limitations are somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work, . . . [vocational expert] assistance is advisable." SSR 83-12(2)(c). The ALJ was therefore correct to use a VE in order to assist in making the disability determination. *See Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation with a VE is appropriate."). "When a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy." *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (citation omitted).

Contrary to Plaintiff's argument, SSR 83-12 does not require the ALJ to ask the VE whether "there is a significant reduction in the light job base as a result of the standing/walking limitations set forth in the RFC." (Dkt. No. 23 at 4.) The same argument was rejected in *Rice v. Berryhill*, Case No. 3:17cv5069-TLF, 2017 WL 3700799, at *3 (W.D. Wash. Aug. 25, 2017), where the court concluded that ALJ did not have an affirmative duty to ask the VE whether a claimant's exertional work level has been "significantly reduced" or that the ALJ specifically address that issue in the decision. *Id.* SSR 83-12 only requires the ALJ to consult a VE. *Id.*; *Bailey v. Colvin*, Case No. EDCV 15-1805-KK, 2016 WL 8732075, at *6 (C.D. Cal. Sept. 23, 2016) (ALJ

properly consulted VE to assist in applying the Guidelines). Moreover, Plaintiff's citation to POMS[1] 25015.006(E)(1)(d) to support her position is unavailing. This section concerns RFC for borderline age, and does not concern standing/walking limitations. Moreover, POMS is an agency interpretation "that does not impose judicially enforceable duties on either this court or the ALJ." *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010).

In this case, at the supplemental hearing, the ALJ fulfilled his obligation when he posed to the VE a hypothetical that included the plaintiff's age, education, work experience, and RFC. (AR 104–05.) In response, the VE testified that such an individual could perform such occupations as parking lot cashier and furniture rental consult, which respectively represented 15,000 and 52,000 jobs in the national economy. (AR 105.) It was not error for the ALJ to conclude that Plaintiff could perform work that existed in significant numbers, and therefore was not disabled.

2. <u>The ALJ did not properly evaluate the opinions of Plaintiff's treating physician</u>

In this Circuit, a treating physician's opinion is entitled to special weight because a treating physician "is employed to cure and has greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan,* 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "To reject the uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Ryan*, 528 F.3d at 1198). "The ALJ must do more than offer his conclusions.

---

[1] Program Operations Manual System.

He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

Here, three form assessments of Plaintiff's RFC were provided by Plaintiff's treating physician, Dr. Potwardowski, dated March 26, 2014, February 24, 2015, and May 10, 2016. (AR 641–42, 756–58, 2391–93.) The ALJ summarized them as follows:

> The forms completed by Dr. Potwardowski limited the claimant to no more than two hours of standing or walking in an eight-hour day, no more than two hours of sitting in an eight hour day, and stated the claimant needed the ability to shift positions at will. . . . The doctor was of the opinion that the claimant could 'rarely' lift less than 10 pounds, had postural limitations, and had significant limitations with reaching, handling or fingering with either upper extremity. . . . Additionally, Dr. Potwardowski indicated the claimant had symptoms which frequently interfere with attention and concentration for even simple work tasks,[2] and if employed, she would likely miss more than 4 days per month due to her impairments.

(AR 20.)

Dr. Potwardowski's opinions that Plaintiff was incapable of even sedentary work were controverted by the opinions of the consultative examiner and the two State agency physicians, who opined that Plaintiff was capable of a significant range of medium work activity. (*See* AR 115–17, 129–29, 648.) Dr. Potwardowski's opinions were also controverted by the opinion testimony of the medical advisor at the supplemental administrative hearing regarding the Plaintiff's RFC. (*See* AR 88–89.) The ALJ rejected Dr. Potwardowski's conclusions, giving them "little weight." (AR 20.) The ALJ was therefore required to provide specific and legitimate reasons supported by substantial

---

[2] In a footnote, the ALJ noted that the record did not provide any objective support, such as mental status findings in connection with psychiatric or other care, to support the asserted concentration limits. Accordingly, the ALJ stated, he was not including any such limitations in his RFC determination. (*See* AR 20 n. 1.) The Court concurs with the ALJ's and the Magistrate Judge's reasoning and confines its analysis of Plaintiff's second claim of error to the ALJ's rejection of Dr. Potwardowski's opinions regarding Plaintiff's physical RFC.

7

evidence in the record for rejecting Dr. Potwardowski's opinions regarding Plaintiff's RFC.

The ALJ's rationale for rejecting Dr. Potwardowski's opinions regarding Plaintiff's RFC was as follows:

> Generally, the 'medical opinion' as defined in 20 CFR 416.927(a), (*see also* SSR 96-5p), from a treating source as defined in 20 CFR 416.902, is entitled to a considerable if not controlling amount of weight as compared to the opinions of other sources. However, the opinion of the treating source must further be 'well supported' by 'medically acceptable' clinical and laboratory diagnostic techniques and must be 'not inconsistent' with the other 'substantial evidence' in the case record. Here, the restrictions are greater than what is supported by or consistent with the record as a whole, including the objective signs and findings discussed elsewhere in this opinion.

(AR 20.) The Court agrees with the Magistrate Judge that the ALJ's vague reasoning is not sufficient to constitute a legally sufficient reason for according "little weight" to Dr. Potwardowski's opinions. The ALJ did not specifically identify the evidence of record that supposedly undermined Dr. Potwardowski's opinions as required by law. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). The ALJ failed to provide clear and convincing reasons to reject Plaintiff's treating physician. The case is therefore remanded to the ALJ for additional findings with regards to Dr. Potwardowski's opinions.

## CONCLUSION AND ORDER

Based on the above, the Court ADOPTS the Report in full and GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for

////
////
////

summary judgment and REMANDS the case to the Commissioner of the Social Security Administration. The Clerk of Court shall enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated: February 6, 2019

Hon. Gonzalo P. Curiel
United States District Judge